UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MIQUIEL BANKS,

      Plaintiff,

v.                                             Case No: 8:14-cv-2701-T-17JSS

IGOV TECHNOLOGIES INC.,

      Defendant.

_____/

**ORDER ON DEFENDANT'S MOTION TO STRIKE**

      THIS MATTER is before the Court on Defendant's Motion to Strike Plaintiff's Opposition to Defendant's Motion for Continuance of the Mediation Deadline, Pretrial Conference, and Trial. (Dkt. 81.)  For the reasons that follow, Defendant's Motion to Strike is denied.

      On June 22, 2015, Defendant filed its Motion for Summary Judgment.  (Dkt. 52.)  Plaintiff filed his Response to Defendant's Motion for Summary Judgment on June 28, 2015.  (Dkt. 56.) On September 15, 2015, Plaintiff filed another response, which was docketed as a response to Defendant's Motion for Summary Judgement but titled "Plaintiff's Opposition to Defendant's Motion for Continuance of the Mediation Deadline, Pretrial Conference, and Trial."  (Dkt. 79.) Plaintiff's response states that Plaintiff opposes all motions filed by Defendant, Defendant's Motion for Summary Judgment (Dkt. 52), the Court's Order on Plaintiff's Amended Complaint (Dkt. 62), and the Court's Order on Plaintiff's five discovery-related motions (Dkt. 77).  (Dkt. 79.) Defendant now seeks to strike Plaintiff's response on the basis that the response is improper and untimely.

      Federal Rule of Civil Procedure 12(f) allows the Court to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ.

P. 12(f).  However, striking a pleading is a drastic remedy that is generally disfavored by courts. *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (quoting *Augustus v. Bd. of Public Instruction of Escambia Cty.*, 306 F.2d 862, 868 (5th Cir. 1962)).  As such, motions to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.  *Seibel v. Soc'y Lease, Inc.*, 969 F. Supp. 713, 715 (M.D. Fla. 1997).  Further, courts hold pro se pleadings to a less stringent standard than pleadings drafted by attorneys and therefore construe pro se pleadings more liberally.  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

In light of the above, the Court declines to strike Plaintiff's Opposition to Defendant's Motion for Continuance of the Mediation Deadline, Pretrial Conference, and Trial.  (Dkt. 79).  As Plaintiff's response does not unfairly prejudice Defendant, the drastic remedy Defendant seeks is unwarranted under the circumstances.  The Court notes, however, that although pro se pleadings are afforded liberal construction, Plaintiff is nonetheless required to follow the procedural rules, including the Federal Rules of Civil Procedure and the Middle District of Florida Local Rules.  *See McNeil v. United States*, 508 U.S. 106, 113, 113 S. Ct. 1980, 1984, 124 L. Ed. 2d 21 (1993) (stating that "[the Court has] never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"); *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) (stating that pro se litigants must conform to procedural rules). Accordingly, it is

**ORDERED** that Defendant's Motion to Strike Plaintiff's Opposition to Defendant's

Motion for Continuance of the Mediation Deadline, Pretrial Conference, and Trial (Dkt. 81) is

**DENIED**.

       **DONE** and **ORDERED** in Tampa, Florida on October 6, 2015.

                               _____
                                    JULIE S. SNEED
                      UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party